JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL ALLAN MILLER II,

           Plaintiff,

    v.

ELLA MARIJA LANI YELICH-O'CONNOR (a.k.a. Lorde),

           Defendant.

Case No. CV 17-2037-GW(AFMx)

**ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

Plaintiff Michael Allan Miller II, has submitted a Request to Proceed Without Prepayment of Filing Fees.  Under 28 U.S.C. § 1915, the Court is denying that request on the grounds that the current Complaint — which alleges that defendant has stalked him by writing and releasing a popular song whose lyrics supposedly relate to plaintiff — has no arguable substance in law or fact and is without merit.

The Complaint alleges that defendant Ella Marija Lani Yelich-O'Connor (popularly known as Lorde) has severely limited plaintiff's "interactions with multiple aspects of society" by "writing and releasing a stalking song 'Team'on the 13th of September, 2013, insinuating death if I discuss the circumstances of this

situation." (Complaint, Statement of Claim; ECF No. 1 at 6.)[1] The Complaint further alleges that this is a violation of a federal criminal stalking statute 18 U.S.C. §2261A and seeks $100 million in damages. (*Id.*) The Complaint then goes on to make various other allegations based on attached exhibits, which mention a number of people including Elena Cohen, Taylor Swift, Lorde, and Lorde's manager and which refer to what may be prior criminal proceedings involving plaintiff, as well as plaintiff's incarceration from 2012 to 2014. (ECF No. 1 at 7-8.) Plaintiff further states that he requests a tolling of the statute of limitations against "Lorde's infractions" and indicates a possible claim against CEOs of two record companies. (ECF No. 1 at 7.)[2]

"'A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998), *quoting Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). "An *in forma pauperis* complaint is frivolous if 'it had no arguable substance in law or tort.'" *Tripati*, 821 F.2d at 1370. When a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Karim-Panihi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, the court may not, however, supply essential elements of a claim. *Ivey v. Bd. of Regents of Univ.*

---

[1]    The Court references the electronic version of the Complaint because the document plaintiff filed does not have consecutive page numbers.

[2]    The Complaint refers to proceedings in "Arizona district court." (ECF No. 1 at 7.) A review of the docket of the District of Arizona has identified a similar action by plaintiff against the defendant that was dismissed without prejudice for failure to state a claim upon which relief may be granted. *See Michael A. Miller, II v. Taylor Swift and Ella Marija Lani Yelich-O'Connor*, 4:16-cv-00650-RM (D. Ariz).

*of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  The Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

After review of the Complaint and its attachments, the Court concludes that the Complaint lacks arguable substance in law or fact.   It is apparently plaintiff's theory that defendant wrote and released the song "Team" with lyrics that allegedly refer to plaintiff – supposedly in a threatening way.   These allegations do not plausibly allege "stalking" as plaintiff asserts.   Nothing in the lyrics plausibly suggests a threat against plaintiff or would reasonably cause plaintiff to fear for his safety. Moreover, the statute cited by plaintiff (18 U.S.C. § 2261A ) is a criminal statute that does not give plaintiff the right to pursue a civil action.  While there is a state statute in California that creates an actionable tort of stalking (Cal. Civil Code § 1708.7), the Complaint does not plausibly allege facts that could establish the elements of that tort, including (among other elements) a pattern of conduct by defendant the intent of which was to follow, alarm or harass plaintiff and a reasonable fear by plaintiff for his safety.

1    Accordingly, the Court finds that the Complaint lacks an arguable basis in

2  law or fact and is without merit.  IT THEREFORE IS ORDERED that Plaintiff's

3  Request to Proceed Without Payment of Filing Fees is DENIED.

4

5  DATED:  March 22, 2017

6

7  _____

8                      GEORGE H. WU
                 UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4